IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00029-MR

KEVIN CRAWFORD GUNTER,    )
                          )
            Plaintiff,    )
                          )
vs.                       )
                          )
JOHN DOE, et al.,         )         ORDER
                          )
            Defendants.   )
_____)

**THIS MATTER** is before the Court on *sua sponte* review of the Complaint [Doc. 1]. Also pending is Plaintiff's Motion for the Appointment of Counsel [Doc. 3].

The incarcerated *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 on January 27, 2020,[1] addressing incidents that allegedly occurred at the Avery-Mitchell Correctional Institution between January and June 2016. [Doc. 1].

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Constr., Inc. v.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying the prison mailbox rule to a § 1983 case).

Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are governed by the three-year period for personal injury actions. See N.C. Gen. Stat. § 1-52(16); Nat'l Adv. Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991). The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action"— in other words, when he could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). Equitable tolling is "reserved for 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 653 (2010).

The statute of limitations is an affirmative defense that the defendant generally bears the burden of affirmatively pleading. See Fed. R. Civ. P.

2

Case 1:20-cv-00029-MR   Document 10   Filed 07/07/20   Page 2 of 4

8(c)(1).  However, the statute of limitations may be addressed *sua sponte* where a complaint is filed *in forma pauperis* and the face of the complaint plainly reveals the existence of such defense.  See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995).

It appears on the face of the Complaint that this action is subject to dismissal as time-barred because it was filed more than three years after the cause of action accrued.  The Court will afford Petitioner the opportunity to file a memorandum within 30 days of this Order explaining why his § 1983 Complaint is timely.  Failure to comply with this Order will likely result in the dismissal of this action as time-barred without further notice.

Plaintiff has filed a Motion seeking the appointment of counsel.  There is no absolute right to the appointment of counsel in civil actions such as this one.  Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel.  Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Plaintiff argues that he is unable to afford counsel, that the issues involved in this case are complex, that the medical issues will require expert testimony, that Plaintiff's imprisonment will greatly limit his ability to litigate, that he has demanded a jury trial, and that the case requires the discovery

of documents and medical records from NCDPS and outside providers. Plaintiff has failed to demonstrate the existence of extraordinary circumstances and, therefore, his Motion seeking the appointment of counsel will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days from entry of this Order to file a memorandum explaining why his § 1983 Complaint is timely. If Plaintiff fails to comply, the Complaint will be dismissed as time-barred without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel [Doc. 3] is **DENIED**.

**IT IS SO ORDERED**.

Signed: July 7, 2020

Martin Reidinger
Chief United States District Judge