# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:20-cv-00029-MR

| | | |
|---|---|---|
| KEVIN CRAWFORD GUNTER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN DOE, et al., | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Memorandum" filed in response to the Court's initial review of the Complaint [Doc. 12]. Also pending is a Motion for Reconsideration of the Order denying Plaintiff's request for the appointment of counsel [Doc. 11]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 8].

## I.    BACKGROUND

On January 27, 2020,[1] *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 in which he asserts claims of deliberate difference and medical negligence with regards to incidents that allegedly occurred at Avery-Mitchell Correctional Institution in 2016. [Doc. 1]. Plaintiff

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying the prisoner mailbox rule to a § 1983 case).

names as Defendants: the North Carolina Department of Public Safety ("NCDPS"); John Doe, a supervisor at Avery-Mitchell C.I.; and Keith D'Amico, a physician's assistant at Avery-Mitchell C.I.

Plaintiff alleges that he filed a sick call around January 15, 2016 complaining that he was dizzy and had blood in his urine. He alleges that he filed a second sick call on January 30, 2016, stating that he was dizzy, "physically sick," and could not hear in his left ear. [Doc. 1 at 5]. Plaintiff was seen by Defendant D'Amico several days later. Defendant D'Amico allegedly told Plaintiff that his problem was not related to his ear and that Plaintiff was going to be seen by an ear, nose, and throat doctor, but that never happened. Plaintiff alleges that he went back to medical on March 18, 2016, at which point he was completely deaf in his left ear. Plaintiff still received no treatment. Plaintiff alleges that he was finally shipped to Central Prison on June 28, 2016, where he saw Dr. Andrew Jarchow who said that Plaintiff's hearing loss was due to a viral infection and was permanent. Dr. Jarchow further stated that if Defendant D'Amico had sent Plaintiff sooner, his hearing could have been saved.

Plaintiff is now completely deaf in his left ear. Plaintiff further alleges that Defendant D'Amico told Plaintiff that he "did not qualify for hearing

assistance."[2]  [Doc. 1 at 5].  Plaintiff seeks injunctive relief, compensatory damages, and a jury trial.

Because Defendant D'Amico's allegedly inadequate care occurred in 2016, the Court issued an Order requiring Plaintiff to file a memorandum explaining why his Complaint is timely.  [Doc. 10].  The Court also denied Plaintiff's Motion for the Appointment of Counsel [Doc. 3] because Plaintiff failed to demonstrate the existence of extraordinary circumstances.  [Doc. 10]. Plaintiff filed a Memorandum [Doc. 12] in which he appears to assert that his Complaint is timely because the cause of action did not accrue until October 30, 2017, and that the continuing violation doctrine and equitable tolling apply.  Plaintiff has also filed a Motion for Reconsideration of the Order denying his request for the appointment of counsel.  [Doc. 11].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see

---

[2] Plaintiff does not describe the "hearing assistance" he sought from Defendant D'Amico or the timing of this request.

28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Claims under § 1983 are directed at "persons" acting under the color of state law who violated the plaintiff's constitutional rights. 42 U.S.C. § 1983. "[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

4

As a preliminary matter, it appears that Plaintiff is attempting to name NCDPS as a Defendant in this action. NCDPS is not a "person" who is amenable to suit under § 1983, and therefore, the Complaint will be dismissed insofar as Plaintiff attempts to name NCDPS as a Defendant. See Will, 491 U.S. at 71.

Plaintiff also names as a Defendant a John Doe superintendent of Avery-Mitchell C.I. However, Plaintiff does not make any factual allegations whatsoever against that Defendant. See generally Fed. R. Civ. P. 8(a)(2) (a short and plain statement of a claim is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Therefore, to the extent that Plaintiff attempts to state any claims against Defendant John Doe, they will be dismissed without prejudice.

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). Prison officials must provide sentenced prisoners with adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee

5

the[ir] safety…." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). Inmates' claims that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987).

Plaintiff's claim that Defendant D'Amico was deliberately indifferent to a serious medical need is not indisputably meritless on its face and the Court cannot conclude at this juncture that it is time-barred. Therefore, the deliberate indifference claim against Defendant D'Amico will be permitted to proceed. The Court will exercise supplemental jurisdiction over Plaintiff's medical malpractice claim against Defendant D'Amico at this time.[3] See generally 28 U.S.C. § 1367.

Finally, Plaintiff asks the Court to reconsider the denial of his Motion for the appointment of counsel. [Doc. 11]. He argues that: his imprisonment will pose hardships in investigating and presenting his case; this is a factually complex case that will require a medical expert; he is indigent and lacks legal training and access to a law library or legal assistance; he is not qualified to

---

[3] There is nothing in the record to indicate that the Plaintiff has complied with North Carolina Civil Rule 9(j), or to indicate that he will be able to do so. However, in light of Plaintiff's pro se status the Court will defer this issue until responsive pleadings are filed and any defenses regarding this issue are presented.

present his case to a jury; and his case is meritorious.  Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel.  Miller v. Simmons, 814 F.2d 962 (4th Cir. 1987).  Moreover, Plaintiff will be granted the opportunity to seek the assistance of North Carolina Prisoner Legal Services to assist him with discovery.  See Misc. Case No. 3:19-mc-00060-FDW.  Therefore, Plaintiff's Motion for Reconsideration will be denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's claims of deliberate indifference and medical malpractice against Defendant D'Amico have survived initial review, and the remaining claims are dismissed.  Plaintiff's Motion for Reconsideration of the Order denying his request for the appointment of counsel is denied.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners.  In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant D'Amico, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that Plaintiff's deliberate indifference and medical malpractice claims against Defendant D'Amico have survived initial review.  Plaintiff's remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 11] is **DENIED**.

The Clerk of Court is directed commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant D'Amico, who is alleged to be a current or former employee of NCDPS.  The Clerk is further directed to mail Plaintiff an Opt-In/Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: August 28, 2020

Martin Reidinger
Chief United States District Judge