# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00029-MR

| | |
|---|---|
| **KEVIN CRAWFORD GUNTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **PROTECTIVE ORDER** |
| ) | |
| **JOHN DOE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Consent Motion of for Entry of Protective Order filed by Defendant Keith D'Amico [Doc. 35].

The Defendant D'Amico asks the Court to enter a protective order authorizing and governing the production of confidential documents, material, and information ("Confidential Information"). Defendant relates that, in the course of the litigation, it is anticipated that Confidential Information will be needed to disclosed during the course of the litigation, including information that relates to the Plaintiff, an inmate currently or formerly in the custody of the North Carolina Department of Public Safety, Division of Adult Corrections ("DAC"), or that relates to current or former employees, contract employees or independent contractors of DAC.

On review of Defendants' motion, the Court finds that such information may be deemed confidential under federal and state law, including N.C.G.S. §§ 126-22(3) and -24, § 122C-52, § 132-1.7, §§ 148-74 and -76; Goble v. Bounds, 13 N.C. App. 579, 581, 186 S.E.2d 638, 639, *aff'd*, 281 N.C. 307, 188 S.E.2d 347 (1972); Paine v. Baker, 595 F.2d 197, 200 (4th Cir. 1979), cert. denied, 444 U.S. 925 (1979); 42 U.S.C. § 1320d et seq.; 42 C.F.R. 2.1 et seq.; and 45 C.F.R. §§ 160-164.

Due to the confidential nature of much of the information that will be produced in this matter, a protective order is necessary to authorize the release of such confidential information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation. Counsel for the Plaintiff, who is appearing for the limited purpose of conducting discovery in this matter, has consented to the entry of a protective order. [Doc. 35 at 15]. The Court will, therefore, grant Defendant's request for a protective order.

The Motion [Doc. 35] is hereby **GRANTED**, and the Court enters the following order.

**IT IS HEREBY ORDERED THAT**:

1. **Scope of the Order.** This Order requires DAC to disclose Confidential Information, as defined and designated in accordance with

this Order, to Counsel for Defendant D'Amico. This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated by DAC as "confidential information."

2. **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3. **"Disclosure."** When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. **"Confidential Information."** For the purposes of this Order and during the course of this litigation, the parties to this Order identify "General Confidential Information" and define it as follows:

    a. "General Confidential Information" means:

        (1) Inmate records of Plaintiff Kevin Crawford Gunter including, but not limited to, grievances, use-of-force

reports, incident reports, external and internal movement records, confidential inmate witness statements provided in the course of disciplinary investigations, and infraction reports pertaining to Plaintiff;

(2) The medical records maintained by the DAC pertaining to Plaintiff Kevin Crawford Gunter;

(3) The mental health records maintained by the DAC pertaining to Plaintiff Kevin Crawford Gunter; and

(4) Other documents, materials, or information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order.

b. "Attorneys' Eyes Only Confidential Information" means:

(1) "Personally Identifiable Information", as that phrase is defined in 45 C.F.R. § 75.2, of current or former employees and contractors of the Department, such as but not limited to date of birth, social security numbers, home addresses and telephone numbers, insurance records or designations, medical and/or

disability information, and other purely private information;

(2) The personal financial records, telephone records, and e-mail records of current or former employees and contractors of the Department; and

(3) Other non-public information as provided in N.C.G.S. § 132-1.7, which includes specific security information or detailed plans, patterns, or practices associated with prison operations, such as certain investigations, security designations, staffing patterns and logs, schematic or other drawings and diagrams, and other sensitive security information.

5. **Disclosure of Confidential Information.** General Confidential Information shall not be disclosed to anyone except:

   a. The court and its personnel;

   b. The parties to this action as required by law and pursuant to the terms of this Order;

   c. Shumaker, Loop, & Kendrick, LLP, Counsel for Defendant D'Amico in this action and employees and/or vendors of Shumaker, Loop, & Kendrick, LLP;

d. Members of the Inmate Grievance Resolution Board;

e. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

f. Court reporters or videographers engaged to record depositions, hearings or the trial of this action;

g. Witnesses at any deposition in this matter as well as witnesses or jurors at the trial of this matter; and

h. Defendant D'Amico's professional liability insurance carrier.

6. **Disclosure of Attorneys' Eyes Only Confidential Information.** Attorneys' Eyes Only Confidential Information shall not be disclosed to anyone except:

a. The court and its personnel;

b. Counsel for the parties to this action and employees of said counsel;

c. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or

to serve as expert witnesses at the

trial of this action, but only after execution of a Confidentiality

Agreement as

provided in Paragraph 8; and

d. Court reporters or videographers engaged to record

depositions, hearings, or the

trial in this action.

7. **Withdrawal of Plaintiff's Counsel**. In the event that counsel for Plaintiff withdraws from representation during the pendency of this litigation and Plaintiff proceeds *pro se*, any Attorneys' Eyes Only Confidential Information disclosed to counsel for Plaintiff may not thereafter be disclosed to Plaintiff and shall instead be returned to defense counsel. The Court may allow Plaintiff to view Attorney's Eyes Only Confidential information only upon a motion for good cause shown.

8. **Confidentiality Agreements.** Before Confidential Information is disclosed to any vendors of Shumaker, Loop, & Kendrick, LLC as well as any person described in Paragraphs 5(e) and 5(h) of this Order, Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico, shall inform the person to whom the disclosure is to be made that

Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached as Exhibit A. Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico, shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the DAC and Counsel for Defendant D'Amico, or upon order of the court.

9. **Designation of Confidential Information.** Information shall be designated as Confidential Information in the following manner:

    a. In the case of information reduced to paper form, the designation shall be made (1) by placing the appropriate legend, "CONFIDENTIAL - SUBJECT TO CONSENT ORDER" for General Confidential Information or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for Attorneys' Eyes Only Confidential Information, on each page containing such information or (2) by such other means as agreed to by the DAC and Counsel for Defendant D'Amico. Counsel for the DAC shall designate

the documents as confidential at or before the time of the disclosure.

b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information (1) by informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or (2) by such other means as agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c. In the case of deposition testimony, any party may designate information disclosed during a deposition as Confidential Information by either identifying on the record at the deposition the information that is to be treated as

Confidential Information or; marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as Attorneys' Eyes Only Confidential Information before the expiration of the 21-day period unless otherwise agreed by the parties and the deponent. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 9(A), and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

d. Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of

such designation on Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

10. **Disputes over Designations.** If Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico, objects to the designation of any information as confidential, Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico and Counsel for the DAC shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting counsel may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information qualifies for the disputed designation.

11. **Inadvertent Disclosure of Confidential Information**. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of

confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the receiving party.

12. **Filing of Confidential Information Under Seal.** At the time that confidential information is produced to Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico and counsel for the DAC will indicate, in writing, if any of the confidential information being produced is of the type that should be filed with the Court as a proposed sealed document. If such indication is given, Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico, shall file the document as a proposed sealed document along with a motion to seal and supporting memorandum indicating the basis under which the DAC determined that the document should be filed under seal. If Counsel for the DAC determines that the document should be filed as a proposed sealed document, Counsel for the DAC agrees that the determination as set forth in this paragraph will be narrow in scope and any such determination will be consistent with the manner in which the attorneys in the Public Safety Section of the North Carolina Department of Justice file the same or similar documents in 42 USC § 1983 cases involving the medical care of inmates. If no such indication is given by Counsel for the DAC, Shumaker, Loop, & Kendrick, LLC, Counsel for

Defendant D'Amico, may file the confidential information with the Court without the need to file such confidential information as a proposed sealed document. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and supporting memorandum of law specifying:

- a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;
- b. Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;
- c. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
- d. The reasons why alternatives to sealing are inadequate; and
- e. Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Before ruling on any motion to seal, the court will give public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

13. **Authors/Recipients.** Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

14. **Return of Confidential Information.** Following the conclusion of this action, including any appeals, Shumaker, Loop, & Kendrick,

LLC, Counsel for Defendant D'Amico, shall request that any Confidential Information provided to any vendors of Shumaker, Loop, & Kendrick, LLC as well as any person described in Paragraphs 5(d) and 5(h) of this Order either be returned or shredded. Further, a party that produced Confidential Information may request in writing its return by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief from this Paragraph 14 is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the 60-day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly-maintained litigation files held by the attorneys of record or former attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed

pursuant to this Paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1.

15. **Admissibility of Information.** Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

16. **Modification**. This Order is without prejudice of the right of the DAC and/or Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico, to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

**IT IS FURTHER ORDERED** that Shumaker, Loop, & Kendrick, LLC, Counsel for Defendant D'Amico, will observe the requirements of this Order as to Confidential Information produced by the DAC as required by this Order.

**IT IS SO ORDERED.**

Signed: May 31, 2021

Martin Reidinger
Chief United States District Judge

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Consent Order governing the Confidential Information in the case of <u>Kevin Crawford Gunter v. Keith D'Amico, PA, et al.</u>, Civil Action No. 1:20-cv-00029-MR, in the Western District of North Carolina, Asheville Division. I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information or documents disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree, upon written request, to return to counsel of record no later than 60 days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order or disclosed to me pursuant to the Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

This the _____ day of _____, 20__.

_____
PRINTED NAME

_____
SIGNATURE