IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00029-MR

| | |
|---|---|
| KEVIN CRAWFORD GUNTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN DOE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Defendant Keith D'Amico, PA's Motion to Dismiss [Doc. 40].

I. **BACKGROUND**

The incarcerated Plaintiff Kevin Crawford Gunter ("Gunter" or simply, "the Plaintiff") filed this *pro se* action on January 27, 2020[1] pursuant to 42 U.S.C. § 1983 and North Carolina law addressing the medical care that he received at the Avery Mitchell Correctional Institution in early 2016. The Defendant, Keith D'Amico, was a physician assistant at Avery Mitchell CI at the relevant time.

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to a § 1983 case).

On July 7, 2020, the Court ordered the Plaintiff to explain why the Complaint is not barred by the three-year statute of limitations. [Doc. 10: Order re Limitations]. The Plaintiff filed a Memorandum asserting that the Complaint is timely because: the cause of action accrued on October 30, 2017; the continuing violation doctrine applies; and the statute of limitations should be equitably tolled. [Doc. 12: Memorandum re Limitations]. The Court declined to rule on the statute of limitations at that time and proceeded with initial review.

The Amended Complaint passed initial review on a claim that Defendant D'Amico provided deliberately indifferent medical care which resulted in the permanent loss of hearing in the Plaintiff's left ear. [Doc. 38: Order on Initial Review]. The Court exercised supplemental jurisdiction over the Plaintiff's claim for medical malpractice under North Carolina law. [Id.]. The Plaintiff seeks compensatory and punitive damages, injunctive relief, and a jury trial. [Doc. 34: Amended Complaint].

Presently before the Court is the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docs. 40: MTD]. The Court notified the Plaintiff of the opportunity to respond to Defendant's Motion [Doc. 42: Roseboro[2] Order], and the Plaintiff filed a

---

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Response[3] [Doc. 45: MTD Response; Doc. 45-1: MTD Response Memorandum]. Defendant D'Amico has not replied, and the time to do so has expired. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering such a motion, the court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. When considering a motion to dismiss, the Court is obligated to construe a *pro se* complaint liberally, "however inartfully pleaded[.]" Booker v. S.C. Dep't of Corr., 855 F.3d 533, 540 (4th Cir. 2017) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Although the Court accepts well-pled facts as true, the Court is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive

---

[3] The Plaintiff titled this document as a "Reply." His arguments have been liberally construed. However, completely conclusory or apparently frivolous arguments will not be addressed in the Discussion section.

a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012).

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. Namely, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### III. FACTUAL BACKGROUND

Viewing the well-pled factual allegations in the Amended Complaint as true, the following is a recitation of the relevant facts.

On January 15, 2016, the Plaintiff filed a sick call complaining of dizziness and blood in his urine. On January 30, 2016, he filed a second sick call complaining that he was dizzy, that he was "physically sick," and that he could not hear out of his left ear. [Doc. 34 at 5: Amended Complaint]. Several days later the Plaintiff was seen by Defendant D'Amico, who told him that his problem was not related to his ear and that he was going to be seen by an ENT doctor; this follow-up visit, however, did not occur. The Plaintiff returned to medical on March 18, 2016, by which time he was completely deaf in his left ear. On June 28, 2016, the Plaintiff was sent to Central Prison where an ENT doctor told him that his hearing loss was caused by a viral infection, the hearing loss was permanent, and his hearing could have been saved had Defendant D'Amico sent him to an ENT sooner. [Id.].

## IV. DISCUSSION

### A. Statute of Limitations

The Defendant argues that the Plaintiff's § 1983 claim is barred by the statute of limitations.

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Constr., Inc. v.

5

Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are governed by the three-year period for personal injury actions. See N.C. Gen. Stat. § 1-52(16); Nat'l Adv. Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991). Here, the Plaintiff filed the instant case on January 27, 2020, and the incidents at issue are alleged to have occurred in 2016, more than three years earlier.

The Plaintiff argues that his claims are not barred by the statute of limitations for three reasons. First, the Plaintiff argues that his claims did not accrue until October 30, 2017, when another physician assistant, Jeffrey Patane,[4] concluded based on further testing, evaluation, and analysis that the Plaintiff's hearing loss was permanent and marked the matter "History/Resolved." [Doc. 45-1: MTD Response Memorandum at 6; see Doc. 12: Memorandum re Limitations at 3; Doc. 34: Amended Complaint at 5]. The Plaintiff contends that the ENT's statement on June 28, 2016, that the hearing loss was permanent and was caused by a treatment delay, was "informative," but not final or conclusive. [Doc. 45-1: MTD Response Memorandum at 5-6].

For claims brought under section 1983, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis

---

[4] PA Patane is not a Defendant in this case.

6

for the action. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). Under the continuing violation doctrine, the "statute of limitations does not begin to run until the violative act ceases." Williams v. Blue Cross Blue Shield, 357 N.C. 170, 179, 581 S.E.2d 415, 423 (2003); A Soc'y Without a Name, for People without a Home, Millennium Future-Present v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011). In circumstances where a "harm has occurred more than once in a continuing series of acts or omissions" the statute of limitations runs anew with each violation. Depaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). "[T]o establish a continuing violation[,] the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice." Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991).

The well-pled facts demonstrate that: the Plaintiff saw Defendant D'Amico in early February 2016 for complaints including hearing loss; D'Amico said that the Plaintiff would see an ENT, which did not occur promptly; and by the time the Plaintiff saw an ENT on June 28, 2016, he was told that his hearing loss was permanent and could have been prevented had he seen an ENT sooner. [Doc. 34: Amended Complaint at 5].

Taking the foregoing allegations as true, the Plaintiff knew as of June 28 2016, that his hearing loss was permanent and was attributable to the

7

delay in treatment. His claim thus accrued on that date. That the Plaintiff underwent subsequent testing, and PA Patane documented the hearing loss as permanent in October 2017, does not alter the date when the Plaintiff's claim accrued. There are no well-pled facts regarding Defendant D'Amico's acts or omissions during the three-year statute of limitations upon which a continuing violation theory could be based.

Second, the Plaintiff argues that equitable tolling should apply because he is engaged in the "near-impossible task of attempting litigation from behind prison walls." [Doc. 45-1: MTD Response Memorandum at 6]. Specifically, he notes that he has to complete his legal work with pen and paper; that electronic filing is unavailable to him; that he does not have an attorney; and that he does not have the same materials and resources as defense counsel, circumstances which he claims "border closely on a denial of access to the courts…." [Id.].

Equitable tolling is "reserved for 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). " Generally, a litigant seeking

8

equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 653 (2010).

Neither the Plaintiff's *pro se* status, nor his incarceration and its attendant conditions, is an extraordinary circumstance that warrants equitable tolling. The conditions about which the Plaintiff complains are common to incarcerated *pro se* litigants. See generally United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Goodman v. Young, No. 1:12-cv-596, 2013 WL 2285236, at *6 (M.D.N.C. May 23, 2013) ("Courts generally do not recognize the difficulties inherent in prison life, such as segregation, lockdowns, or transfers as grounds for equitable tolling."); Allen v. Johnson, 602 F.Supp.2d 724, 727-28 (E.D. Va. 2009) (routine prison conditions such as restricted access to the law library do not qualify as extraordinary circumstances). The Plaintiff fails to explain how the foregoing conditions, or any misconduct by Defendant

D'Amico, prevented him from timely filing the Complaint despite his own diligence.[5]

Finally, the Plaintiff appears to suggest that *res judicata* applies because the Court allowed the action to pass initial review. [Doc. 45-1: MTD Response Memorandum at 3]. This argument, however, is meritless. The Court allowed the Complaint and Amended Complaint to pass review on the lenient frivolity standard that applies at the initial stage of prisoner litigation. See generally 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The statute of limitations was not actually litigated at that point, and there has been no final judgment addressing this action's timeliness. The Plaintiff's reliance on *res judicata* is thus misplaced and will be rejected.

The well-pled facts demonstrate that the Plaintiff's § 1983 claim accrued more than three years before the Plaintiff filed this lawsuit, and no exception to the statute of limitations applies. Therefore, Defendant

---

[5] Although the Plaintiff suggests that he was denied access to the courts, no such claim is pending in this action, and, in any event, it is too vague and conclusory to state a claim under § 1983. See generally Fed. R. Civ. P. 15; 28 U.S.C. §§ 1915(e)(2)(B), 1915A; Lewis v. Casey, 518 U.S. 343, 356-57 (1996) (the right of access to the courts requires that prisoners have the capability to bring challenges to sentences or conditions of confinement; success on a claim of denial of access to the courts requires a prisoner to show actual injury, *i.e.*, that a nonfrivolous legal claim has been frustrated).

D'Amico's Motion to Dismiss will be granted and his § 1983 deliberate indifference claim will be dismissed with prejudice as time-barred.[6]

### B. North Carolina Medical Malpractice Claim

Defendant D'Amico also moves to dismiss the Plaintiff's North Carolina medical malpractice claim. However, because the Plaintiff's sole federal claim has been dismissed, the Court declines to exercise its supplemental jurisdiction over the Plaintiff's North Carolina medical malpractice claim. Such claim therefore will be dismissed without prejudice. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018); 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Defendant Keith D'Amico, PA's Motion to Dismiss [Doc. 40].

---

[6] Even if the Plaintiff's deliberate indifference claim were not time-barred, it would be dismissed for failure to state a claim upon which relief can be granted. Assuming *arguendo* that the Plaintiff had a serious medical need, the well-pled facts do not demonstrate that Defendant D'Amico was aware that a serious medical need was not being treated appropriately, or that any improper treatment or delay resulted from Defendant D'Amico's subjectively indifferent state of mind. See Stokes, 393 F. Supp. at 762 ("even if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention."); Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) ("a '[d]isagreement[ ] between an inmate and a physician over the inmate's proper medical care,' . . . fall[s] short of showing deliberate indifference") (quoting Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)).

11

Case 1:20-cv-00029-MR   Document 50   Filed 01/06/22   Page 11 of 12

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Keith D'Amico, PA's Motion to Dismiss [Doc. 40] is **GRANTED**. The Plaintiff's § 1983 deliberate indifference claim is **DISMISSED WITH PREJUDICE** and the Plaintiff's North Carolina medical malpractice claim is **DISMISSED WITHOUT PREJUDICE.**

The Clerk is directed to enter judgment in the Defendant's favor and close this civil action.

**IT IS SO ORDERED.**

Signed: January 6, 2022

Martin Reidinger
Chief United States District Judge